IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, ) | C/A No.: 3:18-3563-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Wal-Mart Stores East, L.P. and ) | |
| Hewlett-Packard Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Marie Assa'ad-Faltas ("Plaintiff"), a South Carolina resident proceeding pro se and in forma pauperis, brings this action asserting a claim for negligence against Wal-Mart Stores East, L.P. ("Wal-Mart"), regarding an injury Plaintiff allegedly sustained at a Wal-Mart store when a wooden stool fell on her.[1]

This matter comes before the court on (1) Wal-Mart motion to compel Plaintiff to produce responses to Wal-Mart's First Set of Interrogatories and First Set of Requests for Production ("Wal-Mart's discovery requests") [ECF No. 51], (2) Plaintiff's renewed motion for recusal of the undersigned [ECF No. 69], (3) Plaintiff's motion for protective order concerning Wal-Mart's discovery requests [ECF No. 70], and (4) Plaintiff's motion to compel Wal-Mart to

---

[1] Plaintiff additionally brings a claim against both Wal-Mart and Hewlett-Packard Company regarding an allegedly defective computer made by HP and sold by Wal-Mart to Plaintiff.

1

produce responses to Plaintiff's First Set of Interrogatories, First Set of Requests for Production, and First Set of Admissions ("Plaintiff's discovery requests") [ECF No. 71].

A.   Wal-Mart's Motion to Compel and Plaintiff's Motion for Protective Order

Plaintiff has informed the court in opposition to Wal-Mart's motion to compel that on January 6, 2020, "she provided WalMart's counsel with the 'formal' answers and objections WalMart sought in its motion to compel and its response to Plaintiff's motion for a protective order," stating further that "WalMart appears satisfied with most of Plaintiff's responses." [ECF No. 81 at 1]. Wal-Mart has not filed reply to Plaintiff's opposition, and the time to do so has expired. Based on Plaintiff's representations, the court denies both Wal-Mart's motion to compel and Plaintiff's motion for protective order as moot without prejudice to either party to refile as is warranted.[2]

---

[2] Plaintiff states her motion for protective order "must be granted as now uncontested by WalMart." [ECF No. 81 at 1]. However, based on Plaintiff's representations that the parties have come to an understanding regarding Wal-Mart's discovery requests, the basis for Plaintiff's motion for protective order, as stated above, has been rendered moot. Thus, the court denies this motion as moot.

B.   Plaintiff's Renewed Motion for Recusal

The undersigned denies Plaintiff's renewed motion for recusal for the reasons previously set forth denying Plaintiff's original motion for recusal. [*See* ECF No. 53 at 10–14].

C.   Plaintiff's Motion to Compel

   1.   Plaintiff's Interrogatory No. 8

Plaintiff seeks a response to her Interrogatory No. 8, requesting Wal-Mart disclose "all lawsuits involving injury by falling objects in WalMart's stores/warehouses nationwide for the past ten years and in the greater Columbia, SC, area for the past fifty years." [ECF No. 80 at 1; *see also* ECF No. 71 at 2–3]. Plaintiff represents this interrogatory has been inadequately answered in that Wal-Mart has only agreed to provide information on lawsuits involving falling merchandise at the subject store filed in the three years prior to the alleged incident. [ECF No. 80 at 1]. Plaintiff generally asserts that, as a doctor, she "wants to prevent deaths, disease and injuries and understands that determination of side effects for example requires a large number of subjects and long follow-up," further arguing that "it is necessary to go back in the past to determine the notice WalMart had of its risky display of objects." [ECFR 71 at 5]. Plaintiff further argues, in objecting to the information Wal-

Mart has agreed to provide, that "[t]he 'subject store' may not even had this type of stool for display/sale only three years before the incident in question; and, in any event, if the display location is centrally set system-wide, the experience of other stores/warehouses is of the utmost relevance." [ECF No. 80 at 1].[3]

Fed. R. Civ. P. 26(b)(1) provides in part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Both the relevance and proportionality factors weigh against Plaintiff as to this interrogatory because her arguments fail to demonstrate why she needs information on lawsuits involving injury by all falling objects, when her negligence claim is solely based on allegations of a wooden stool that fell.

---

[3] Regarding this last assertion, the record shows only a denial by Wal-Mart that the display location of merchandise is "centrally set system-wide," discussed more below.

Additionally, Plaintiff has failed to demonstrate why she needs information on lawsuits for so many stores, in so many locations, extending for such a long period of time, instead admitting that some stores may not have had the wooden stool that is the subject of this lawsuit on display or for sale. [*See* ECF No. 80 at 1]. The court additionally notes that Wal-Mart has agreed to provide the relevant information, lawsuits concerning falling merchandise at the subject store filed in the three years prior to the alleged incident.

Because discovery is ongoing, Plaintiff will have an opportunity to establish the relevance and proportionality of the information sought in her Interrogatory No. 8 beyond what Wal-Mart has agreed to provide. However, at this time, the court denies without prejudice Plaintiff's motion to compel as it relates to Plaintiff's Interrogatory No. 8.

2. Plaintiff's Request for Admission No. 1

Plaintiff also argues that Wal-Mart has not provided responses as to "who decided to display the heavy wooden stools on the top shelves and on what basis said decision was made." [ECF No. 80 at 1]. Turning to the discovery requests at issue, Plaintiff's Request for Admission No. 1 and Wal-Mart's response is as follows:

5

> 1. WalMart Stores East, L.P (WalMart")'s location of items to be displayed in its stores for sale is subject to a centrally-set policy and not left to the discretion of each store.
>
> RESPONSE: Defendant Walmart objects to this Request on the basis that it is overly broad in time and scope, as well as seeks information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests information pertaining to merchandise other than the wood stool described in Plaintiff's Complaint. Subject to and without waiving these or any other objections, Defendant Walmart denies this Request.

[ECF No. 75 at 1]. Plaintiff argues that "[w]hile WalMart denies that the manner of display of items is centrally governed," it did not "explain any denial of all other parts" or "explain some key issues in this case." *Id.*

Fed. R. Civ. P. 36(a)(4) provides as follows regarding requests for admissions:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Consistent with the above rule, Wal-Mart specifically denied Plaintiff's Request for Admissions No. 1. The court finds Wal-Mart adequately responded

to the substance of the matter, and it was not necessary to specify the part admitted and qualify or deny the rest where, here, Wal-Mart denied the entirety of Plaintiff's request. As stated above, discovery is ongoing, and Plaintiff will have the opportunity to fashion discovery requests better calculated to provide her the information she seeks.

In sum, Wal-Mart's motion to compel [ECF No. 51] and Plaintiff's motion for protective order [ECF No. 70] are denied as moot. Plaintiff's renewed motion for recusal [ECF No. 69] is denied. Plaintiff's motion to compel [ECF No. 71] is denied without prejudice.

IT IS SO ORDERED.

January 23, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge