IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, ) | C/A No.: 3:18-3563-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Wal-Mart Stores East, L.P. and ) | |
| Hewlett-Packard Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Marie Assa'ad-Faltas ("Plaintiff"), a South Carolina resident proceeding pro se and in forma pauperis, brings this action asserting a claim against Wal-Mart Stores East, L.P. ("Wal-Mart"), regarding an injury Plaintiff allegedly sustained at a Wal-Mart store when a wooden stool fell on her on December 24, 2015, as well as a claim against both Wal-Mart and Hewlett-Packard Company ("HP") regarding an allegedly defective computer made by HP and sold by Wal-Mart to Plaintiff in March 2018 ("computer claim").

This matter comes before the court on Plaintiff's motion to amend, filed February 14, 2020, wherein Plaintiff seeks to amend her complaint to assert a claim regarding an allegedly defective washing machine sold by Wal-Mart to Plaintiff in November 2018 ("washing machine claim"). [ECF No. 85]. [1] Both

---

[1] Plaintiff filed her motion to amend prior to the deadline set for filing such a

1

Wal-Mart and HP have filed responses, requesting Plaintiff's motion be denied, to the extent the proposed amendments pertain to the washing machine claim, as wholly unrelated to the present action. [ECF No. 86; ECF No. 87].

Whether brought pursuant to Fed. R. Civ. P. 15(a), allowing amendment of a complaint to add a new claim, or Fed. R. Civ. P. 15(d), allowing supplementation of a complaint, Plaintiff's proposed washing machine claim is unrelated to the claims in her original complaint.[2] Although a district court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court may deny leave to amend if the amendment 'would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

---

motion. [*See* ECF No. 83 (providing for a February 14, 2020 deadline to file a motion to amend pleadings)].

[2] Although Plaintiff argues "WalMart's handling of the washing machine claim is clearly alleged to be in keeping with its pattern and practice shown in its handling of the defective laptop claim" also arguing that discovery may reveal that Wal-Mart's handling of the washing machine transaction may be in retaliation for Plaintiff filing this lawsuit [ECF No. 88], Plaintiff's allegations themselves belie her argument that the washing machine claim and the computer claim are related in that the two claims are based on events that occurred at different times, involved different Wal-Mart employees and policies, and involved different third parties. [*See* ECF No. 85-1].

Here, asserting this new, unrelated claim at this time would be unduly prejudicial to Wal-Mart and unduly delay this action, making the proposed washing machine claim inappropriate under Rule 15. *See, e.g., Collins v. South Carolina*, C/A No. 818-2596-MGL-JDA, 2019 WL 4195539, at *3 (D.S.C. Aug. 7, 2019), report and recommendation adopted, C/A No. 8:18-2596-MGL, 2019 WL 4194335 (D.S.C. Sept. 4, 2019) ("Plaintiff's new claim is unrelated to the claims in his original pleading and must be pursued, if at all, in a separate action.").

Therefore, Plaintiff's motion to amend is granted in part and denied in part. To the extent Plaintiff seeks to amend her complaint to add allegations regarding the alleged purchase of a washing machine from Wal-Mart, Plaintiff's motion is denied. Otherwise, Plaintiff's motion is granted, and the proposed amended complaint filed at ECF No. 85-1 now functions as Plaintiff's operative complaint with paragraphs 10–12 and 14 struck consistent with this order. The clerk of court is directed to file the document at ECF No. 85-1 as a new docket entry, redacting paragraphs 10–12 and 14.

IT IS SO ORDERED.

*Shiva V. Hodges*

March 9, 2020  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge