IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, | C/A No.: 3:18-3563-TLW-SVH |
| Plaintiff, | |
| vs. | ORDER |
| Wal-Mart Stores East, L.P., and Hewlett-Packard Company, | |
| Defendants. | |

This matter comes before the court on Plaintiff's motions (1) to reconsider the court's March 9, 2020 order [ECF No. 95] and (2) to stay her obligations for 90 days and to allow her electronic filing [ECF No. 96].

I. Motion to Reconsider

Motions for reconsideration of interlocutory orders are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003). Plaintiff has not identified any of the narrow circumstances appropriate for granting a motion to reconsider. Instead, Plaintiff argues that court could have permitted the full amendment she requested, but she cites no authority that the court erred in its finding. Plaintiff's motion to reconsider is denied.

II. Motion to Stay and for Electronic Filing

In her motion to stay, Plaintiff requests a stay of her obligations in this case for 90 days due to the Covid-19 pandemic. She also requests to be permitted to file electronically. The parties have been advised of the court's response to Covid-19 [ECF No. 98] and the court will continue to advise of any updates. Although her request for a 90-day stay of her obligations is denied at this time, the court is constantly evaluating issues related to Covid-19. In addition, Plaintiff may request extensions of specific deadlines for good cause shown. Plaintiff is encouraged to use the mail to file to minimize contact. Plaintiff's request to be permitted electronic filing is denied for the reasons previously provided in the court's November 18, 2019 order denying the same request.

III. Returned Mail

On March 11, 2020, the court issued a text order that was mailed to Plaintiff on the same day. On March 19, 2020, the text order was returned to the court with the message "Not Deliverable As Addressed Unable to Forward" on the envelope. [ECF No. 100-1].

Plaintiff was previously ordered to keep the court apprised of any change in her address:

> You are ordered to always keep the Clerk of Court advised in writing (United States District Court, 901 Richland Street, Columbia, South Carolina 29201) if your address changes for any

reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, your case may be dismissed for violating this order.  Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court.  Your failure to do so will not be excused by the court.

[ECF Nos. 8, 14]. Plaintiff has not notified the court of any change of address. Plaintiff has failed to comply with the court's order, and as a result, neither the court nor Defendants have any means of contacting her concerning her case. Out of an abundance of caution, the Clerk of Court is directed to mail this order to her address of record. Plaintiff is advised that failure to keep the court apprised of her address may result in a recommendation that her case be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

March 20, 2020　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　United States Magistrate Judge