IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marie Assa'ad-Faltas, ) | C/A No.: 03:18-3563-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Wal-Mart Stores East, L.P. and ) | |
| Hewlett-Packard Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Marie Assa'ad-Faltas ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 28 U.S.C. § 1332, asserting a claim for negligence against Wal-Mart Stores East, L.P. ("Wal-Mart"), regarding an injury she allegedly sustained at a Wal-Mart store, as well as claims against both Wal-Mart and Hewlett-Packard Company ("HP") (collectively "Defendants") regarding an allegedly defective computer made by HP and sold to her by Wal-Mart.

This matter comes before the court on Plaintiff's motion for a protective order [ECF No. 114] and HP's motion to compel discovery [ECF No. 115]. The case was referred to the undersigned pursuant 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.). This matter having been fully briefed [ECF Nos. 116, 117], it is ripe for disposition. For the reasons that follow, the court denies Plaintiff's motion and grants HP's motion.

Plaintiff filed this action on December 24, 2018. [ECF No. 1]. On or about March 12, 2020, HP served on Plaintiff the first set of interrogatories and requests for production. On April 28, 2020, in response to Plaintiff's discovery inquiries, HP represented to Plaintiff that "we would like our interrogatories answered and since they are standard we do not believe they are oppressive," further stating that HP would be available to discuss individual objections to the questions. [ECF No. 114-1 at 5]. Plaintiff responded, indicating her belief that many of HP's interrogatories request information she had already provided to Wal-Mart, requesting HP consult Wal-Mart. *Id.* at 4.

On May 10, 2020, Plaintiff filed the instant motion for a protective order "allowing HP's defense counsel to seek from Dr. Assa'ad-Faltas only that written discovery, if any, she has not already answered for Wal-Mart and/or she cannot better answer in her deposition with Defendants plan to take in June." [ECF No. 114]. On May 26, 2020, HP filed the instant motion to compel, representing that Plaintiff's motion should be denied, and HP's motion granted, because the discovery requests at issue are calculated to lead to the discovery of admissible evidence and are proportional to the needs of the case, Plaintiff has failed to provide specific grounds for objecting to the discovery requests, and HP is not obligated to accept Plaintiff's responses to a co-defendants discovery requests. [ECF No. 115 at 2].

During briefing on these motions, Plaintiff submitted answers to HP's

2

discovery requests. [*See* ECF Nos. 116-2, 116-3]. However, HP represents that Plaintiff failed to respond fully to its discovery requests. [ECF No. 117 at 1].

More specifically, HP seeks answers to interrogatories 3, 5, and 7 and "a response to the lone Request for Production if there are more documents than the photographs (5) of the Plaintiff, which we have received." [ECF No. 117 at 2, *see also* ECF No. 117-1 at 6–7 (HP's first set of requests for production)].

The interrogatories at issue are as follows:

> 3.    State the name and addresses of any persons (other than those mentioned in the answers to the preceding interrogatories) whom you believe have or may purport to have any knowledge or information pertaining to the circumstances of the incident alleged in the Amended Complaint, and state, insofar as you know, the nature of such knowledge or information.
>
> 5.    Identify the following documents or tangible objects; in so identifying them, include, if applicable, its name, a description of it or its subject matter, and the witnesses through whom you intend to introduce it into evidence or whose testimony you intend to impeach or refresh with it: all documents, exhibits, or other tangible objects which you intend, desire, or assert you have the right to introduce or use at trial of this case either in your case in chief or in rebuttal or reply or which you assert the right to use for impeachment purposes or in order to refresh the recollection of a witness.
>
> 7.    State whether you ever filed, or been a party in or to, a lawsuit, or other legal or administrative claim or civil action; and for each such claim or action, set forth the date the claim or action was filed, the forum in which the claim or action was filed, the civil action number or other identifying number of the claim or action, the name of the opposing party (and their attorney) in the claim or action, the type of injury for which the claim or action was filed, and the final resolution (including monetary recovery) of the claim or action for the last five (5) years.

[ECF No. 117-1 at 2–3].

Plaintiff's objections to the interrogatories at issue are as follows:

3.      Dr. Assa'ad-Faltas' amended complaint mentions several incidents. Therefore, this interrogatory is confusing, objectionable, and better answered in a deposition where Defense counsel's questions may be clarified based on Dr. Assa'ad-Faltas' requests for clarification.

5.      In addition to the above, any parts or equipment Dr. Assa'ad-Faltas purchased or was gifted to try to repair the HP laptop at issue are reasonably anticipated to be used at trial. This is an evolving list where some parts/tools turn out to be unnecessary or unsuitable and may be returned; but this answer gives the Defense reasonable notice of what could be introduced. Otherwise, this interrogatory is objected to as overbroad, unduly burdensome, an[d] best answered in deposition.

7.      Dr. Assa'ad-Faltas objects to this interrogatory in that it is meant to burden, harass and embarrass her in strategies already used by other opposing counsel, and unfortunately by biased supposed jurists, in other cases to divert attention from the real wrongdoers. Further, Dr. Assa'ad- Faltas would correctly object to introduction of any other case at trial with possible exception of the cases related to WalMart's 2002 fabrication of a Polaroid to get Dr. Assa'ad-Faltas falsely convicted of label-swapping, a conviction of which she, thank God, exonerated herself *pro se*.

[ECF No. 117-2 at 1–2].

Generally, parties in civil litigation enjoy broad discovery, as detailed in Fed. R. Civ. P. 26(b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

> likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

The court's review of Plaintiff's objections do not indicate that she lacks responsive discovery to the requests made by HP, but believes her responses are "evolving," and that the requests are confusing, overbroad, unduly burdensome, best answered in deposition, harassing, embarrassing, invasive, and irrelevant. A review of HP's requests do not so indicate. In addition to HP's requests for production, to which Plaintiff inadequately responded,[1] the three interrogatories at issue seek information about people who may know about the incidents Plaintiff describes in her complaint, documents or objects Plaintiff may use at trial and the named witnesses through which she intends to introduce the evidence, and Plaintiff's litigation history for the last five years. These requests are calculated to lead to the discovery of admissible

---

[1] Plaintiff's response to HP's requests for production is, in full, as follows: "Dr. Assa'ad-Faltas objects to, and sought protection from, all HP's requests for production as over-broad, invasive and irrelevant, but she has photos of the bruises on her head and face which were forwarded to all counsel for Defendants by e-mail on 19 December 2019." [ECF No. 117-2 at 2 (emphasis removed)].

5

evidence and are proportional to the needs of the case.[2]

Accordingly, the undersigned denies Plaintiff's motion for protective order [ECF No. 114] and grants HP's motion to compel [ECF No. 115]. Plaintiff is directed to produce responsive answers and documents to the requests as discussed herein no later than 14 days from the date of this order.

IT IS SO ORDERED.

June 24, 2020                                   Shiva V. Hodges
Columbia, South Carolina               United States Magistrate Judge

---

[2] The court rejects Plaintiff's contention that HP's requests are duplicative and cumulative to those asked by Wal-Mart. As separate parties, HP and Wal-Mart can pose the same questions and not be duplicative or cumulative. HP and Wal-Mart have different interest from the other, particularly here, where Plaintiff alleges two wholly unrelated events, only one of which concerns HP.

6