IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marie Assa'ad-Faltas, | ) | C/A No.: 03:18-3563-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Wal-Mart Stores East, L.P. and | ) | |
| Hewlett-Packard Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Marie Assa'ad-Faltas ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 28 U.S.C. § 1332, asserting a claim for negligence against Wal-Mart Stores East, L.P. ("Wal-Mart"), regarding an injury Plaintiff allegedly sustained at a Wal-Mart store, as well as claims against both Wal-Mart and Hewlett-Packard Company ("HP") (collectively "Defendants") regarding an allegedly defective computer made by HP and sold by Wal-Mart to Plaintiff.

This matter comes before the court on Plaintiff's "resubmitted/amended motions for: (1) a third amended scheduling order and (2) court-ordered mediation before dispositive motions are due," filed September 17, 2020. [ECF No. 129]. The case was referred to the undersigned pursuant 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). This matter having been fully briefed [ECF Nos. 130, 131, 132], it is ripe for disposition.

According to Local Civ. Rule 6.01 (D.S.C.), "[m]otions for extension of time for completion of discovery will be granted only in unusual cases and upon a showing that the parties have diligently pursued discovery during the originally specified period." *See Purvis v. Bryant*, C/A No. 9:17-CV-01532-DCN, 2018 WL 6604231, at *6 (D.S.C. Dec. 17, 2018). Additionally, Rule 16 of the Federal Rules of Civil Procedure allow a modification to the scheduling order "upon a showing of good cause and by leave of the district judge."[1]

Here, the relevant scheduling order entered in this case on June 16, 2020, provides for discovery to have closed on September 15, 2020, and dispositive motions due by October 15, 2020. [ECF No. 119]. Plaintiff filed a motion to extend these deadlines the day before the close of discovery, which was denied for Plaintiff's failure to comply with Local Civ. Rule 6.01 (D.S.C.). [ECF Nos. 124, 127]. Plaintiff then refiled her motion two days after the close of discovery. [ECF No. 129].

The instant case is not an "unusual case" contemplated by Local Civ. Rule 6.01 (D.S.C.), nor has Plaintiff shown that she has diligently pursued discovery during the originally specified period, nor demonstrated "good cause" to amend the scheduling order. Plaintiff argues an extension is "necessary to

---

[1] Where a deadline to file a motion has elapsed, a district court may only extend the deadline if the time-delinquent party files a motion and demonstrates excusable neglect for the delay. Fed. R. Civ. P. 6(b)(1)(B). Non-compliance with the applicable rules does not constitute excusable neglect.

2

serve on both WalMart and HP written discovery as to their respective system-wide experiences with falling objects/wooden stools and with falling laptop batteries and/or capacitors." [ECF No. 129 at 2]. Plaintiff concedes these discovery requests could have been served earlier, *see id.*, however argues that she did not do so, at least in part, due to the resurrection of emotional trauma caused by Plaintiff bringing an unrelated lawsuit in this court. [ECF No. 132 at 1 (citing *Assa'ad-Faltas v. Wilson*, C/A No. 3:20-2479-TLW-PJG (complaint filed June 22, 2020))].

Here, the complaint in this case was filed on December 24, 2018, and the case is currently progressing under a second amended scheduling order. Defendants oppose Plaintiff's motion [ECF Nos. 130, 131]. The undersigned finds that Plaintiff is aware of the discovery process, the parties have had ample time for discovery, and that Plaintiff has failed to show good cause for amending the scheduling order.[2]

Accordingly, Plaintiff's motions are denied. [ECF No. 129].

IT IS SO ORDERED.

October 13, 2020                                        Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

---

[2] Additionally, the parties are free to discuss settlement on their own accord, but the undersigned declines Plaintiff's renewed request to order mediation.