IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, | Civil Action No. 3:18-3563-TLW |
| Plaintiff, | |
| v. | Order |
| Wal-Mart Stores East, L.P. and Hewlett-Packard Company, | |
| Defendants. | |

Marie Assa'ad-Faltas ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 28 U.S.C. § 1332, asserting a claim for negligence against Wal-Mart Stores East, L.P. (Wal-Mart), regarding an injury Plaintiff allegedly sustained at a Wal-Mart store when a wooden stool fell on her, as well as claims against both Wal-Mart and Hewlett-Packard Company (HP) (collectively Defendants), regarding an allegedly defective laptop made by HP and sold by Wal-Mart to Plaintiff. All the parties filed separate motions for summary judgment on October 15, 2020. ECF Nos. 135, 136, 139. Plaintiff responded in opposition to the Defendants' motions for summary judgment, and the Defendants responded in opposition to Plaintiff's motion. ECF Nos. 145, 146, 157. This matter is now before the Court for review of the Report and Recommendation (the Report) filed by United States Magistrate Judge Shiva V. Hodges, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B). The Report recommends that this Court grant the Defendants' motions for summary judgment and deny Plaintiff's motion for summary

1

judgment. ECF No. 163. Plaintiff filed timely objections to the Report on January 25, 2021, ECF No. 167, and this matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the filings by the parties, the Report, and the objections. The Court has also reviewed the surveillance video submitted by Wal-Mart and agrees with the Report that the video "confirms Wal-Mart's summary of the events that occurred." ECF No. 163 at 10. Plaintiff alone moved a stool or stools that caused another stool to fall on her allegedly causing injury—her decision to manipulate or move the stools caused the stool to fall. No employee moved a stool or was present when the stool fell, and Plaintiff put herself at risk when she decided to move stools herself instead of asking

an employee for assistance. The Court also agrees with the Report's finding that Plaintiff offers no evidence beyond her own opinion in support of her argument that Wal-Mart's placement of the stools was "inherently dangerous." *Id.* at 8. The Court concludes that the evidence is insufficient to show and does not show that Wal-Mart created a dangerous situation based on its placement of the stools. The Court also carefully reviewed the claims related to the allegedly faulty HP computer and accepts the analysis in the Report.

After careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report is **ACCEPTED**. The Defendants' motions for summary judgment, ECF Nos. 135 and 136, are **GRANTED**. Plaintiff's motion for summary judgment, ECF No. 139, is **DENIED**.[1]

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 1, 2021
Columbia, South Carolina

---

[1] After Plaintiff filed her objections to the Report, she submitted a motion for leave to file supplemental documents. Attached to her motion are 18 exhibits that she asserts "should be considered" in deciding the pending motions. ECF No. 168. The Court concludes that no further supplement is necessary for it to rule on the Report. Therefore, Defendant's motion, ECF No. 168, is denied.

3